UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN J. SCHULTZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:19-cv-00096-RFB-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Stephen J. Schultz has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed Complaint (ECF No. 1-1). This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.　APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Mr. Schultz's Application includes the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed complaint.

**II.　SCREENING THE COMPLAINT**

**A. Legal Standards**

After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

1

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, Schultz challenges a decision by the Social Security Administration ("SSA") denying him disability insurance benefits under Title II of the Social Security Act. Compl. ¶ 3. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

**B. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines review, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be filed within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received by mail within five days of the date on the notice unless shown otherwise. 20 C.F.R. §§ 416.1401, 422.210(c). Thus, an action commenced within 65 days is presumed timely. *Id*. If a claimant does not file a civil action within the allowed time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). The civil action must be filed in the judicial district in which the claimant resides. 42 U.S.C. § 405 (g).

In this case, Mr. Schultz alleges that on November 19, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. Compl. ¶ 8. Thus, it appears he has exhausted his administrative remedies. He timely commenced this action as the Complaint was filed on January 16, 2019, and the Complaint indicates that he resides within the District of Nevada. *Id.* ¶ 1. Accordingly, Schultz has satisfied these prerequisites for judicial review.

### C. Grounds for Schultz's Appeal

The Complaint seeks judicial review of the Commissioner's final decision and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In his Complaint, Mr. Schultz alleges he has been disabled since the application date of November 10, 2011, through his date last insured of December 31, 2016. Compl. ¶ 5. The ALJ

found Schultz to have the severe impairments of complex partial seizures, lower extremity neuropathy, secondary to diabetes mellitus, hypertension, obstructive sleep apnea, and obesity. *Id*. ¶ 9(a). Despite his severe impairments, the ALJ determined Schultz had the residual functional capacity to perform light work:

> he can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk no more than 30 minutes at a time, stand no more than 3 hours in an 8 hour workday, and walk no more than 1 hour in an 8-hour workday. He can sit for 2 hours at a time, and up to 8 hours in an 8-hour workday. He can push and/or pull hand controls occasionally, and continuously reach, handle, finger, and feel. He can operate foot controls occasionally. He can occasionally climb ramps and/or stairs, but never climb ladders, etc. He needs a cane for balance, and can occasionally stoop, kneel, crouch, and crawl. He must avoid all exposure to extreme cold and heat, and vibration. He can occasionally tolerate exposure to humidity and wetness, fumes, gases, odors, dusts, and pulmonary irritants. He can frequently operate a motor vehicle, but exposure to unprotected heights and mechanical parts is precluded

*Id*. ¶ 9(b). The ALJ found that Schultz could not perform past relevant work, but could perform other work as a packager, inspector, and assembler. *Id*. ¶ 9(c), (d).

Mr. Schultz alleges that the ALJ's decision lacks the support of substantial evidence for multiple reasons. The ALJ committed reversible error by (1) improperly rejecting Schultz's pain and symptom testimony; (2) finding that the vocational expert's testimony is consistent with the information in the *Dictionary of Occupational Titles* (DOT); and (3) erroneously applying the light medical vocational rules, given Schultz's standing and walking limitations. *Id*. ¶ 9(e), (f), (h).

The Complaint contains sufficient factual allegations to give the Commissioner fair notice of Schultz's disagreement with the final decision. *See Starr*, 652 F.3d at 1216. Accordingly, his Complaint states a plausible claim for initial screening purposes.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Stephen J. Schultz's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. He will not be required to pay the $400 filing fee.
2. Mr. Schultz is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.

4

3. The Clerk of Court shall **FILE** the Complaint.

4. The Clerk of Court shall **ISSUE SUMMONS** to the United States Attorney for the District of Nevada and **DELIVER** the summons and Complaint to the U.S. Marshal for service.

5. The Clerk of Court shall also **ISSUE SUMMONS** to the Commissioner of Social Security and Attorney General of the United States.

6. Mr. Schultz shall **SERVE** the Commissioner of Social Security by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, California 94105-1545; and (2) Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

7. Following the Commissioner's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

8. From this point forward, Mr. Schultz shall serve upon Commissioner or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of Court, and any paper received by a district judge, magistrate judge, or the Clerk of Court that fails to include a certificate of service.

Dated this 18th day of January 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5