UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEPHEN J. SCHULTZ,

        Plaintiff,

v.

NANCY A. BERRYHILL, Commissioner of Social Security,

        Defendant.

Case No. 2:19-cv-00096-BNW

**ORDER**

This case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Stephen J. Schultz's ("Plaintiff's") application for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income under Title XVI of the Act. The court reviewed Plaintiff's motion for reversal and/or remand (ECF No. 16), filed June 1, 2019 and the Commissioner's response and cross-motion to affirm (ECF Nos. 19, 20), filed July 31, 2019. Plaintiff did not file a reply. The parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c) on January 23, 2020. (ECF No. 21.) This matter was assigned to the undersigned magistrate judge for all further proceedings the same day. (ECF No. 22.)

**I.    BACKGROUND**

On May 11, 2012, Plaintiff applied for disability insurance benefits under Title II and Title XVI of the Act, alleging an onset date of November 10, 2011. AR[1] 501-02. Plaintiff's claim was denied initially and on reconsideration. AR 360-63, 367-71. A hearing was held before an Administrative Law Judge ("ALJ") on October 3, 2014, where the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). AR 250-75. Following this hearing, the ALJ published

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12)).

an unfavorable decision in January 2015. AR 335-53. Plaintiff then requested that the Appeals Council review the ALJ's decision. The Appeals Council granted this request and remanded. AR 354-59.

A second ALJ decision was issued on January 10, 2018, finding Plaintiff not disabled. AR 92-112. Plaintiff again requested that the Appeals Council review the ALJ decision, but it denied this request on November 19, 2018. AR 1-7. On this date, The ALJ's decision became the Commissioner's final decision. 42 U.S.C. § 405(h). This action followed. (*See* IFP App. (ECF No. 1).)

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) reads: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.    Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of "not disabled" is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of "not disabled" is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference if they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work. 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of "not disabled" is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of "not disabled" is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is

responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 92-112. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date he was last insured. AR 97. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of complex partial seizures, lower extremity neuropathy secondary to diabetes mellitus, hypertension, obstructive sleep apnea, and obesity. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 98. Next, the ALJ found Plaintiff had the residual functional capacity to perform a limited range of light work. AR 99. At step four, the ALJ found Plaintiff was unable to perform any past relevant work. AR 102-03. At step five, with the assistance of a VE, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform. AR 103-04. Accordingly, the ALJ concluded Plaintiff was not under a disability at any time from November 10, 2011 (the alleged onset date) through December 31, 2016 (the date last insured). AR 104.

**3. Analysis**

    **a. Whether Substantial Evidence Supports the ALJ's Determination that a Significant Number of Jobs Exist that Plaintiff Can Perform**

        **i. The ALJ Decision**

The ALJ determined that a substantial number of jobs exist in the national economy that Plaintiff can do. AR 104. The ALJ came to this conclusion based on the testimony of the VE.

At the hearing, the ALJ asked the VE whether jobs existed in the national economy that someone with Plaintiff's limitations could do. *Id.* The VE testified that Plaintiff could do the following jobs and gave the number of jobs that existed for each position in the national economy: (1) packager (508,000 jobs); (2) inspector (500,000 jobs); and (3) assembler (439,000 jobs). AR 296.

On cross examination, Plaintiff's counsel asked the VE what source he used to get the number of jobs that existed in the national economy. AR 304. The VE testified that he used a software called "Job Browser Pro, by Skill Tran." *Id.* The VE further explained that the number of jobs he provided were for an entire group of occupations (not just the individual jobs he testified Plaintiff could perform). *Id.* Plaintiff's counsel then asked the VE whether Plaintiff could perform all of the occupations in each group. *Id.* The VE did not answer this question. AR 304-05. Instead, he provided the number of jobs listed in the DOT for each individual job he testified Plaintiff could do. AR 305-06. He testified that, nationally, there were 2,000 packer jobs, 1,000 assembler jobs, and 4,600 inspector jobs, for a total of 7,600 jobs nationally that Plaintiff could do. *See id.*

Following the hearing, in the ALJ's written decision, he found that a significant number of jobs existed in the national economy that Plaintiff could do. AR 104. He listed the three occupations the VE testified about but included the number of national jobs for the *groups* of occupations from Job Browser Pro. *Id.* (noting 508,000 packager jobs, 500,000 inspector jobs, and 439,000 assembler jobs). The ALJ further concluded, "I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.* The ALJ did not explain this conclusion or mention the fact that it conflicted with the VE's testimony that the DOT provides only a total of 7,600 national jobs for these three occupations.

### ii. Plaintiff's Argument

Plaintiff argues that substantial evidence does not support the ALJ's finding that a significant number of jobs exist in the national economy that Plaintiff can perform. Plaintiff argues that (1) the initial number of jobs the VE testified to (and the ALJ included in his decision) represent three entire groups of occupations and there was no evidence that Plaintiff could perform all of these occupations; and (2) the number of jobs listed in the DOT for the occupations the VE testified Plaintiff can perform is not significant.

### iii. Commissioner's Argument

The Commissioner does not argue that the ALJ's reliance on the larger number of jobs the VE testified to (roughly 1.5 million) was appropriate. Instead, the Commissioner argues that this court should affirm the ALJ's decision because, according to the Commissioner, 7,600 hundred national jobs is a significant number.

### iv. What Constitutes a Significant Number of Jobs

At step five, the burden shifts to the Social Security Administration to prove the plaintiff can make an adjustment to work that "exists in significant numbers . . . in the country . . . ." 20 C.F.R. §§ 404.1566(a) and 416.966(a). The statutes indicate that the "'significant number of jobs' can be either regional jobs (the region where a claimant resides) or in several regions of the country (national jobs)." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523-24 (9th Cir. 2014) (citing *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012)). If a court finds "*either* of the two numbers 'significant,' then [it] must uphold the ALJ's decision." *Id.* at 524.

The Ninth Circuit has not established a "bright-line rule for what constitutes a 'significant number' of jobs." *Id.* at 528. The Ninth Circuit has, however, held that the availability 25,000 national jobs is a "close call" (but still a significant number). *Id.* at 529.

Here, the court holds that 7,600 national jobs is not a significant number. Instructive in the court's decision is the Ninth Circuit's holding in *Gutierrez* in which it deemed 25,000 national jobs a "close call." 740 F.3d at 529. Because 7,600 national jobs is less than a third of 25,000, the court cannot conclude that it is a significant number.

Accordingly, the record does not support a finding that a significant number of jobs exist in the economy that Plaintiff can do.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion to remand (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that this case is remanded for further proceedings regarding whether a significant number of jobs exist that the Plaintiff can do.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm and opposition to Plaintiff's motion for reversal (ECF Nos. 19, 20) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is must enter judgment in favor of Plaintiff and against Defendant.

DATED: January 31, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE